G. SCOTT EMBLIDGE, State Bar No. 121613
ANDREW E. SWEET, State Bar No. 160870
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 362-3599
Facsimile: (415) 362-2006

Attorneys for Defendants



UNITED STATES DISTRICT COURT    **E-filing**

NORTHERN DISTRICT OF CALIFORNIA

**CV 08    3106**

ELIZABETH B. ROSS,                          )
                                            )
                    Plaintiff,              )        Case No. _____
                                            )
vs.                                         )                                **BZ**
                                            )
GREGORY A. STRANGER,                        )
CORALIE K. STRANGER,                        )
THE STRANGER FAMILY 2003 TRUST,             )
a California Trust, CAPITAL DEFEASANCE       )
GROUP, LLC, SUCCESSOR BORROWER              )
SERVICES, LLC and DOES 1-100, inclusive,    )
                                            )
                    Defendants.             )
_____)

**ORIGINAL**

## ANSWER

Defendants, Gregory A. Stranger, Coralie K. Stranger, The Stranger Family 2003 Trust, a

California Trust, Capital Defeasance Group, LLC ("CDG") and Successor Borrower Services, LLC

("SBS"), by counsel, for their answer to Plaintiffs' Complaint, state:

    1.    Defendants admit the allegations contained in Paragraph 1 of the Complaint.

    2.    Defendants admit the allegations contained in Paragraph 2 of the Complaint.

    3.    Defendants admit the allegations contained in Paragraph 3 of the Complaint.

    4.    Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.     Defendants admit that CDG is a Delaware limited liability company qualified to do business under the corporate laws of the State of California, and that it has a principal place of business located at 7595 Redwood Boulevard, Suite 104, Novato, California 94945, and deny the remaining allegations and implications contained in Paragraph 5 of the Complaint.

6.     Defendants admit that SBS is a Delaware limited liability company qualified to do business under the corporate laws of the state of Nevada, with a principal place of business located at 50 West Liberty, Suite 1090, Reno, Nevada 89501, and deny the remaining allegations and implications contained in Paragraph 6 of the Complaint.

7.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore deny those allegations.

8.     Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.     Defendants admit that Mr. Stranger had discussions with Plaintiff regarding a defeasance consulting company, and deny the remaining allegations and implications contained in that Paragraph 9 of the Complaint.

10.    Defendants admit that CDG was formed on or about April 24, 2006, and that SCF and SBS were formed on or about June 1, 2006, state that the formation documents speak for themselves and must be read in their entirety, and deny the remaining allegations and implications contained in Paragraph 10 of the Complaint.

11.    Defendants admit that Plaintiff agreed to work part-time for CDG on an unpaid basis, admit that Mr. Stranger provided the capital to commence and operate CDG and SBS, and deny the remaining allegations and implications contained in Paragraph 11 of the Complaint.

12.    Defendants admit that Mr. and Mrs. Stranger had dinner with Plaintiff and her spouse, admit that many different ideas were discussed during the dinner, admit that no agreements

2

were reached, and deny the remaining allegations and implications contained in Paragraph 12 of the Complaint.

13.     Defendants admit that Plaintiff worked part-time with CDG, admit that Plaintiff contacted persons familiar to her with respect to the business, and deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit that Mr. Stranger and Plaintiff signed the document attached as Plaintiff's *Exhibit A*, state that the document speaks for itself and must be read in its entirety and in context with the events then occurring, and deny the remaining allegations and implications contained in Paragraph 15 of the Complaint.

16.     Defendants admit that CDG hired the law firm of Morgan, Lewis & Bockius, and deny the remaining allegations and implications contained in Paragraph 16 of the Complaint.

17.     With respect to the allegations contained in Paragraph 17 of the Complaint, Defendants state that the January 5, 2007 e-mail speaks for itself and must be read in its entirety, and deny the remaining allegations and implications contained in that paragraph.

18.     Defendants admit that Morgan, Lewis & Bockius sent bills to CDG, and deny the remaining allegations and implications contained in Paragraph 18 of the Complaint.

19.     With respect to the allegations contained in Paragraph 19 of the Complaint, Defendants state that the parties shared multiple draft agreements, admit that none of the drafts were finalized or executed because the parties never reached a final agreement, and deny the remaining allegations and implications contained in that paragraph.

20.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore deny those allegations.

21.     Defendants admit that Plaintiff agreed to provide \$100,000.00 to CDG, and lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and therefore deny those allegations.

22.     Defendants admit that Plaintiff stopped working on or about December 12, 2007, and lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and therefore deny those allegations.

23.     Defendants admit that Mr. Stranger and Plaintiff met with Morgan, Lewis & Bockius to discuss the payment of invoices, and deny the remaining allegations and implications contained in Paragraph 23 of the Complaint.

24.     Defendants admit that Plaintiff contributed the \$100,000.00, and deny the remaining allegations and implications contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore deny those allegations.

27.     Defendants admit that Plaintiff sent the memorandum, state that the memorandum speaks for itself and must be read in its entirety and in context with the events then occurring, admit that no agreement was ever reached, and deny the remaining allegations and implications contained in Paragraph of the Complaint.

28.     With respect to the allegations contained in Paragraph 28 of the Complaint, Defendants admit that the September 18, 2007 e-mail was sent, state that the e-mail speaks for itself and must be read in its entirety and in context with the events then occurring, admit that no agreement was ever reached, and deny the remaining allegations and implications contained in that paragraph.

4

29.    With respect to the allegations contained in Paragraph 29 of the Complaint,
Defendants admit that the September 19, 2007 e-mail was sent, state that the e-mail speaks for itself
and must be read in its entirety and in context with the events then occurring, admit that no
agreement was ever reached, and deny the remaining allegations and implications contained in that
paragraph.

30.    Defendants lack information or knowledge sufficient to form a belief as to the truth
of the allegations contained in Paragraph 30 of the Complaint, and therefore deny those allegations.

31.    With respect to the allegations contained in Paragraph 31 of the Complaint,
Defendants admit that Plaintiff sent the November 6, 2007 e-mail, state that the e-mail speaks for
itself and must be read in its entirety and in context with the events then occurring, admit that no
agreement was reached, and deny the remaining allegations and implications contained in that
paragraph.

32.    Defendants admit that Mr. Stranger and Plaintiff had a fallout in their business
relationship and entered into negotiations to resolve their disputes, and deny the remaining
allegations and implications contained in Paragraph 32 of the Complaint.

33.    Defendants admit that Mr. Stranger and Plaintiff made efforts to try to resolve their
disputes but were unsuccessful, and deny the remaining allegations and implications contained in
Paragraph 33 of the Complaint. Defendants also state that Plaintiff's use of statements made during
settlement negotiations in the Complaint is patently improper because those statements are
confidential, privileged and inadmissible pursuant to state and federal law. Accordingly, those
statements should be stricken from the Complaint.

34.    Defendants admit that Mr. Stranger and Plaintiff met in Chicago to discuss potential
resolutions of their disputes, state that no resolutions were reached, and deny the remaining
allegations and implications contained in Paragraph 34 of the Complaint. Defendants also state that

5

Plaintiff's use of statements made during settlement negotiations in the Complaint is patently improper because those statements are confidential, privileged and inadmissible pursuant to state and federal law. Accordingly, those statements should be stricken from the Complaint.

35.    Defendants admit that, on or about December 12, 2007, Plaintiff stopped working, cleaned out her desk and vacated the business premises, and deny the remaining allegations and implications contained in Paragraph 35 of the Complaint.

36.    Defendants state that the Mutual General Release speaks for itself and must be read in its entirety and in context with the events occurring at the time, and deny the remaining allegations and implications contained in Paragraph 36 of the Complaint. Defendants also state that Plaintiff's use of statements made during settlement negotiations in the Complaint is patently improper because those statements are confidential, privileged and inadmissible pursuant to state and federal law. Accordingly, those statements should be stricken from the Complaint.

37.    Defendants admit that Mr. Stranger and Plaintiff engaged in a mediation on or about April 29, 2008, admit that the parties signed a term sheet at the conclusion of the mediation, admit that the parties agreed to attempt to use the term sheet to create a final, integrated written agreement, and deny the remaining allegations and implications contained in Paragraph 37 of the Complaint. Defendants also state that Plaintiff's use of statements made during settlement negotiations in the Complaint is patently improper because those statements are confidential, privileged and inadmissible pursuant to state and federal law. Further, the parties agreed that the mediation was "confidential," and Plaintiff is in violation of the confidentiality agreement. Accordingly, those statements should be stricken from the Complaint.

38.    Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.    Defendants repeat and reallege their answers to Paragraphs 1 through 38 of the Complaint as it fully set forth herein.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Defendants repeat and reallege their answers to Paragraphs 1 through 41 of the Complaint as it fully set forth herein.

43.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore deny those allegations.

44.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore deny those allegations.

45.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore deny those allegations.

46.     Defendants repeat and reallege their answers to Paragraphs 1 through 45 of the Complaint as it fully set forth herein.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore deny those allegations.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants repeat and reallege their answers to Paragraphs 1 through 56 of the
Complaint as it fully set forth herein.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants repeat and reallege their answers to Paragraphs 1 through 60 of the
Complaint as it fully set forth herein.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants repeat and reallege their answers to Paragraphs 1 through 65 of the
Complaint as it fully set forth herein.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants repeat and reallege their answers to Paragraphs 1 through 71 of the
Complaint as it fully set forth herein.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.      Defendants repeat and reallege their answers to Paragraphs 1 through 76 of the Complaint as it fully set forth herein.

78.      Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.      Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.      Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.      Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.      Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.      Defendants repeat and reallege their answers to Paragraphs 1 through 82 of the Complaint as it fully set forth herein.

84.      Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.      Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.      Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.      Defendants repeat and reallege their answers to Paragraphs 1 through 86 of the Complaint as it fully set forth herein.

88.      Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.      Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.      Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.      Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.      Defendants deny each and every allegation contained in the Complaint not specifically set admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff has failed to satisfy necessary conditions precedent.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

4.      To the extent there are any agreements between Plaintiff and Defendants, Plaintiff breached her obligations and those breaches excuse Defendants from any purported duties to perform any remaining obligations.

5.      Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

6.      To the extent that Plaintiff is entitled to any recovery herein, such recovery is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

7.      To the extent any amounts are found to be due and owing to Plaintiff, such amounts are offset, in whole or in part, by the amounts due and owing by Plaintiff to Defendants for damages.

8.      Defendants reserve the right to assert any additional affirmative and/or other defenses learned through discovery.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff on all of the claims asserted in the Complaint and enter an Order: (1) denying all of Plaintiff's claims and directing that Plaintiff take nothing by way of her Complaint; (2) awarding Defendants the costs and disbursements they incurred related to this action; and (3) awarding Defendants all such other and further relief as this Court deems just and proper.

Dated: June 26, 2008                    Respectfully Submitted,

                                        MOSCONE, EMBLIDGE & QUADRA, LLP


                                        By:_____
                                            G. Scott Emblidge
                                            Andrew E. Sweet

                                        Attorneys for Defendants