G. SCOTT EMBLIDGE, State Bar No. 121613
ANDREW E. SWEET, State Bar No. 160870
MOSCONE, EMBLIDGE, & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, California 94104
Telephone:  (415) 362-3599
Facsimile:  (415) 362-2006

Attorneys for Defendants/Counterclaim Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH B. ROSS, | |
| Plaintiff, | **Case No. CV 08 3106 BZ** |
| vs. | |
| GREGORY A. STRANGER, CORALIE K. STRANGER, THE STRANGER FAMILY 2003 TRUST, a California Trust, CAPITAL DEFEASANCE GROUP, LLC, SUCCESSOR BORROWER SERVICES, LLC and DOES 1-100, inclusive, | **DEFENDANT AND COUNTERCLAIM PLAINTIFF'S AMENDED ANSWER WITH COUNTERCLAIMS** |
| Defendants. | |
| GREGORY A. STRANGER, CORALIE K. STRANGER, CAPITAL DEFEASANCE GROUP, LLC and SUCCESSOR BORROWER SERVICES, LLC, | |
| Counterclaim Plaintiffs, | |
| vs. | |
| ELIZABETH B. ROSS, | |
| Counterclaim Defendant. | |

**AMENDED ANSWER WITH COUNTERCLAIMS**

Defendants/Counterclaim Plaintiffs, Gregory A. Stranger, Coralie K. Stranger, Capital Defeasance Group, LLC ("CDG") and Successor Borrower Services, LLC ("SBS"), by counsel, for their Amended Answer with Counterclaims, state:

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.
2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.
3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.
4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.
5. Defendants admit that CDG is a Delaware limited liability company qualified to do business under the corporate laws of the State of California, and that it has a principal place of business located at 7595 Redwood Boulevard, Suite 104, Novato, California 94945, and deny the remaining allegations and implications contained in Paragraph 5 of the Complaint.
6. Defendants admit that SBS is a Delaware limited liability company qualified to do business under the corporate laws of the state of Nevada, with a principal place of business located at 50 West Liberty, Suite 1090, Reno, Nevada 89501, and deny the remaining allegations and implications contained in Paragraph 6 of the Complaint.
7. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore deny those allegations.
8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.
9. Defendants admit that Mr. Stranger had discussions with Plaintiff regarding a defeasance consulting company, and deny the remaining allegations and implications contained in that Paragraph 9 of the Complaint.
10. Defendants admit that CDG was formed on or about April 24, 2006, and that SCF and SBS were formed on or about June 1, 2006, state that the formation documents speak for themselves and must be read in their entirety, and deny the remaining allegations and implications contained in Paragraph 10 of the Complaint.

11. Defendants admit that Plaintiff agreed to work part-time for CDG on an unpaid basis, admit that Mr. Stranger provided the capital to commence and operate CDG and SBS, and deny the remaining allegations and implications contained in Paragraph 11 of the Complaint.

12. Defendants admit that Mr. and Mrs. Stranger had dinner with Plaintiff and her spouse, admit that many different ideas were discussed during the dinner, admit that no agreements were reached, and deny the remaining allegations and implications contained in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff worked part-time with CDG, admit that Plaintiff contacted persons familiar to her with respect to the business, and deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that Mr. Stranger and Plaintiff signed the document attached as Plaintiff's *Exhibit A*, state that the document speaks for itself and must be read in its entirety and in context with the events then occurring, and deny the remaining allegations and implications contained in Paragraph 15 of the Complaint.

16. Defendants admit that CDG hired the law firm of Morgan, Lewis & Bockius, and deny the remaining allegations and implications contained in Paragraph 16 of the Complaint.

17. With respect to the allegations contained in Paragraph 17 of the Complaint, Defendants state that the January 5, 2007 e-mail speaks for itself and must be read in its entirety, and deny the remaining allegations and implications contained in that paragraph.

18. Defendants admit that Morgan, Lewis & Bockius sent bills to CDG, and deny the remaining allegations and implications contained in Paragraph 18 of the Complaint.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, Defendants state that the parties shared multiple draft agreements, admit that none of the drafts were finalized or executed because the parties never reached a final agreement, and deny the remaining allegations and implications contained in that paragraph.

20.	Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore deny those allegations.

21.	Defendants admit that Plaintiff agreed to provide $100,000.00 to CDG, and lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and therefore deny those allegations.

22.	Defendants admit that Plaintiff stopped working on or about December 12, 2007, and lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and therefore deny those allegations.

23.	Defendants admit that Mr. Stranger and Plaintiff met with Morgan, Lewis & Bockius to discuss the payment of invoices, and deny the remaining allegations and implications contained in Paragraph 23 of the Complaint.

24.	Defendants admit that Plaintiff contributed the $100,000.00, and deny the remaining allegations and implications contained in Paragraph 24 of the Complaint.

25.	Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.	Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore deny those allegations.

27.	Defendants admit that Plaintiff sent the memorandum, state that the memorandum speaks for itself and must be read in its entirety and in context with the events then occurring, admit that no agreement was ever reached, and deny the remaining allegations and implications contained in Paragraph of the Complaint.

28.	With respect to the allegations contained in Paragraph 28 of the Complaint, Defendants admit that the September 18, 2007 e-mail was sent, state that the e-mail speaks for itself and must be read in its entirety and in context with the events then occurring, admit that no agreement was ever reached, and deny the remaining allegations and implications contained in that paragraph.

29.	With respect to the allegations contained in Paragraph 29 of the Complaint, Defendants admit that the September 19, 2007 e-mail was sent, state that the e-mail speaks for itself

and must be read in its entirety and in context with the events then occurring, admit that no agreement was ever reached, and deny the remaining allegations and implications contained in that paragraph.

30. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore deny those allegations.

31. With respect to the allegations contained in Paragraph 31 of the Complaint, Defendants admit that Plaintiff sent the November 6, 2007 e-mail, state that the e-mail speaks for itself and must be read in its entirety and in context with the events then occurring, admit that no agreement was reached, and deny the remaining allegations and implications contained in that paragraph.

32. Defendants admit that Mr. Stranger and Plaintiff had a fallout in their business relationship and entered into negotiations to resolve their disputes, and deny the remaining allegations and implications contained in Paragraph 32 of the Complaint.

33. Defendants admit that Mr. Stranger and Plaintiff made efforts to try to resolve their disputes but were unsuccessful, and deny the remaining allegations and implications contained in Paragraph 33 of the Complaint. Defendants also state that Plaintiff's use of statements made during settlement negotiations in the Complaint is patently improper because those statements are confidential, privileged and inadmissible pursuant to state and federal law. Accordingly, those statements should be stricken from the Complaint.

34. Defendants admit that Mr. Stranger and Plaintiff met in Chicago to discuss potential resolutions of their disputes, state that no resolutions were reached, and deny the remaining allegations and implications contained in Paragraph 34 of the Complaint. Defendants also state that Plaintiff's use of statements made during settlement negotiations in the Complaint is patently improper because those statements are confidential, privileged and inadmissible pursuant to state and federal law. Accordingly, those statements should be stricken from the Complaint.

35. Defendants admit that, on or about December 12, 2007, Plaintiff stopped working, cleaned out her desk and vacated the business premises, and deny the remaining allegations and implications contained in Paragraph 35 of the Complaint.

36. Defendants state that the Mutual General Release speaks for itself and must be read in its entirety and in context with the events occurring at the time, and deny the remaining allegations and implications contained in Paragraph 36 of the Complaint. Defendants also state that Plaintiff's use of statements made during settlement negotiations in the Complaint is patently improper because those statements are confidential, privileged and inadmissible pursuant to state and federal law. Accordingly, those statements should be stricken from the Complaint.

37. Defendants admit that Mr. Stranger and Plaintiff engaged in a mediation on or about April 29, 2008, admit that the parties signed a term sheet at the conclusion of the mediation, admit that the parties agreed to attempt to use the term sheet to create a final, integrated written agreement, and deny the remaining allegations and implications contained in Paragraph 37 of the Complaint. Defendants also state that Plaintiff's use of statements made during settlement negotiations in the Complaint is patently improper because those statements are confidential, privileged and inadmissible pursuant to state and federal law. Further, the parties agreed that the mediation was "confidential," and Plaintiff is in violation of the confidentiality agreement. Accordingly, those statements should be stricken from the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants repeat and reallege their answers to Paragraphs 1 through 38 of the Complaint as it fully set forth herein.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants repeat and reallege their answers to Paragraphs 1 through 41 of the Complaint as it fully set forth herein.

43. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore deny those allegations.

44. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore deny those allegations.

45. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore deny those allegations.

46. Defendants repeat and reallege their answers to Paragraphs 1 through 45 of the Complaint as it fully set forth herein.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore deny those allegations.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants repeat and reallege their answers to Paragraphs 1 through 56 of the Complaint as it fully set forth herein.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants repeat and reallege their answers to Paragraphs 1 through 60 of the Complaint as it fully set forth herein.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants repeat and reallege their answers to Paragraphs 1 through 65 of the Complaint as it fully set forth herein.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants repeat and reallege their answers to Paragraphs 1 through 71 of the Complaint as it fully set forth herein.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants repeat and reallege their answers to Paragraphs 1 through 76 of the Complaint as it fully set forth herein.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants repeat and reallege their answers to Paragraphs 1 through 82 of the Complaint as it fully set forth herein.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

Plaintiff's Amended Answer with Counterclaims

87. Defendants repeat and reallege their answers to Paragraphs 1 through 86 of the Complaint as it fully set forth herein.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny each and every allegation contained in the Complaint not specifically set admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to satisfy necessary conditions precedent.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

4. To the extent there are any agreements between Plaintiff and Defendants, Plaintiff breached her obligations and those breaches excuse Defendants from any purported duties to perform any obligations.

5. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

6. To the extent that Plaintiff is entitled to any recovery herein, such recovery is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

7. To the extent any amounts are found to be due and owing to Plaintiff, such amounts are offset, in whole or in part, by the amounts due and owing by Plaintiff to Defendants for damages.

8. Defendants reserve the right to assert any additional affirmative and/or other defenses learned through discovery.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff on all of the claims asserted in the Complaint and enter an Order: (1) denying all of Plaintiff's claims and directing that Plaintiff take nothing by way of her Complaint; (2)

1  awarding Defendants the costs and disbursements they incurred related to this action; and (3)
2  awarding Defendants all such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

Defendants/Counterclaim Plaintiffs, Gregory A. Stranger, Capital Defeasance Group, LLC and Successor Borrower Services, LLC, by counsel, for their counterclaims against Plaintiff/Counterclaim Defendant, Elizabeth B. Ross, state:

1. At all relevant times, Counterclaim Defendant was a resident of Novato, Marin County, California.

2. At all relevant times, Counterclaim Plaintiff, Gregory A. Stranger, was a resident of Novato, Marin County, California.

3. At all relevant times, Counterclaim Plaintiff, Capital Defeasance Group, LLC ("CDG"), was a Delaware limited liability company qualified to do business in the State of California.

4. At all relevant times, Counterclaim Plaintiff, Successor Borrower Services, LLC ("SBS"), was a Delaware limited liability company qualified to do business in the State of Nevada.

5. In spring/summer 2006, Counterclaim Defendant began working with CDG.

6. Counterclaim Plaintiffs thereafter allowed Counterclaim Defendant to use a laptop computer owned by CDG. Counterclaim Plaintiffs also allowed Counterclaim Defendant to access highly sensitive, proprietary and confidential business information so that she could perform duties for CDG.

7. On December 12, 2006, Counterclaim Defendant ceased any and all work for CDG.

8. Despite due demands, Counterclaim Defendant has refused to return either the laptop computer or the highly sensitive, proprietary and confidential business information provided by Counterclaim Plaintiffs to Counterclaim Defendant.

9. Further, Counterclaim Defendant has approached third parties and falsely represented that Greg Stranger was exiting the commercial defeasance industry and asked those third parties if they would be interested in investing with Counterclaim Defendant in CDG and/or

SBS. Upon information and belief, as part of these conversations, Counterclaim Defendant revealed highly sensitive, proprietary and confidential business information.

10. All conditions precedent to asserting these claims have occurred, have been satisfied or have otherwise been waived.

### FIRST CAUSE OF ACTION

### (Replevin)

11. Counterclaim Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 though 10 of the Counterclaims, as if fully set forth herein.

12. At the time of the commencement of this action, and at all relevant times, Counterclaim Plaintiffs were and still are the owners of the laptop computer and the highly sensitive, proprietary and confidential business information taken by Counterclaim Defendant and are entitled to immediate possession of those items.

13. Counterclaim Defendant is in possession of the aforementioned laptop computer and highly sensitive, proprietary and confidential business information and is wrongfully detaining those items.

14. Prior to the commencement of this action, Counterclaim Plaintiffs duly demanded possession of the aforementioned laptop computer and highly sensitive, proprietary and confidential business information but the demands were refused.

15. By reason of Counterclaim Defendant's wrongful detention of Counterclaim Plaintiffs' property, Counterclaim Plaintiffs are entitled to the immediate possession of the property and are entitled to recover damages in an amount to be proven at trial.

### SECOND CAUSE OF ACTION

### (Conversion)

16. Counterclaim Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 though 15 of the Counterclaims, as if fully set forth herein.

17. Counterclaim Defendant took a laptop computer and highly sensitive, proprietary and confidential business information, among other things, from Counterclaim Plaintiffs. Counterclaim Defendant also obtained money for improper and/or unsubstantiated "expenses."

18. Counterclaim Defendant was not authorized to take these materials.

19. All of these materials belong to Counterclaim Plaintiffs and Counterclaim Plaintiffs have the right to immediate possession of the materials taken by Counterclaim Defendant and a repayment of the money for the "expenses."

20. As a result of Counterclaim Defendant's conversion, Counterclaim Plaintiffs have suffered damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

**(Breach of Duty of Loyalty)**

21. Counterclaim Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 though 20 of the Counterclaim, as if fully set forth herein.

22. Based on her relationship with CDG, Counterclaim Defendant owed a duty of loyalty to CDG and was required to act for its benefit and on its behalf rather than for her own benefit.

23. Counterclaim Defendant was aware that it is illegal to steal property and business records from Counterclaim Plaintiffs.

24. Despite this knowledge, Counterclaim Defendant acted in her own self-interest and at the detriment of Counterclaim Plaintiffs.

25. Counterclaim Defendant also put her interests before Counterclaim Plaintiffs by making erroneous representations to third parties and revealing highly sensitive, proprietary and confidential business information.

26. As a result of Counterclaim Defendant's breach of the duty of loyalty, Counterclaim Plaintiffs have suffered damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

**(Interference with Business Relations)**

27. Counterclaim Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 though 26 of the Counterclaim, as if fully set forth herein.

28. When Counterclaim Defendant began working with CDG, and thereafter, there existed economic relationships between Counterclaim Plaintiffs and other business entities in the defeasance industry with the probability of future economic benefit or advantage to Counterclaim Plaintiffs.

29. Counterclaim Defendant knew about the existence of the relationships between Counterclaim Plaintiffs and these other business entities in the defeasance industry.

30. Notwithstanding this knowledge, Counterclaim Defendant wrongfully and intentionally contacted and interfered and interrupted Counterclaim Plaintiffs' relationships with these other business entities in the defeasance industry where such contacts were designed to disrupt the economic relationship between Counterclaim Plaintiffs and these other business entities in the defeasance industry and with knowledge that the interference or disruption were certain or substantially certain to occur as a result of her actions.

31. As a result of Counterclaim Defendant's actions, the economic relationship between Counterclaim Plaintiffs and these other business entities in the defeasance industry were actually interfered with and disrupted when Counterclaim Plaintiffs thereafter lost out on contracts with these other business entities in the defeasance industry.

32. The wrongfull and intentional conduct of Counterclaim Defendant which was designed to interfere with or disrupt Counterclaim Plaintiffs' business relationships with these other business entities in the defeasance industry caused these other business entities in the defeasance industry to cease their business relationships with Counterclaim Plaintiffs and thereby caused damage to Counterclaim Plaintiff.

WHEREFORE, Counterclaim Plaintiffs pray that this Court grant the following relief:

    a.    an Order adjudging that Counterclaim Plaintiffs are the owners of the laptop computer and the highly sensitive, proprietary and confidential business information taken by Counterclaim Defendant and entitling Counterclaim Plaintiffs to the immediate possession of those items, and that those items be delivered to Counterclaim Plaintiffs by Counterclaim Defendant and/or authorizing the sheriff to break open, enter, search for and seize the items wherever they may be located;

    b.    an award of damages against Counterclaim Defendant in favor of Counterclaim Plaintiffs in an amount to be proven at trial;

    c.    an award of punitive damages against Counterclaim Defendant in favor of Counterclaim Plaintiffs;

    d.    an Order directing Counterclaim Defendant to pay all legal fees and costs incurred by Counterclaim Plaintiffs in bringing these claims against Counterclaim Defendant;

    e.    interest and all monetary damages awarded herein; and

    f.    such other and further relief as the Court deems just and proper.

Dated:  July 14, 2008                        Respectfully Submitted,

                                      MOSCONE, EMBLIDGE & QUADRA, LLP

                                      By:  _____/s/_____
                                            G. Scott Emblidge
                                            Andrew E. Sweet

                                      Attorneys for Defendants

-#1243837